Brendan Tighe, Esq.
*Attorney for Plaintiff*
52 Duane St., Fl. 7
New York, NY 10007
Email: bt@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT

---

MORGAN KIM,

CASE NO. 1:26-cv-7305

Plaintiff,

**COMPLAINT**

-against-

EPIC SPIRITS, INC.,
VINO 43 WINE & SPIRITS INC.,
and MID-TOWN FARM STAND INC.,

ECF Case,

Defendants.

---

Plaintiff, MORGAN KIM, on behalf of Plaintiff, by and through the undersigned attorney, Brendan Tighe, Esq., hereby files this Complaint against Defendants, EPIC SPIRITS, INC., VINO 43 WINE & SPIRITS INC., and MID-TOWN FARM STAND INC., INC. and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the minimum wage rate (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid

wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, MORGAN KIM, is an adult resident of Nassau county, New York.

6. Upon information and belief, Defendant, EPIC SPIRITS, INC., is a business corporation, existing under the laws of the State of New York, with a place of business located at the following address: 875 6th Ave., New York, NY 10001.

7. At all relevant times, Defendant, EPIC SPIRITS, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Upon information and belief, Defendant, VINO 43 WINE & SPIRITS INC., is a business corporation, existing under the laws of the State of New York, with a place of business located at the following address: 875 6th Ave., New York, NY 10001.

9. At all relevant times, Defendant, EPIC SPIRITS, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Upon information and belief, Defendant, MID-TOWN FARM STAND INC., is a business corporation, existing under the laws of the State of New York, with a place of business located at the following address: 875 6th Ave., New York, NY 10001.

11. At all relevant times, Defendant, MID-TOWN FARM STAND INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants and engaged in activity involving interstate commerce.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

15. At all relevant times, Defendants, were and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA as joint enterprises controlled by a common ownership group, with related activities of wine and spirit sales, with unified operations under the control of a singular headquarters located at 99 W 27th St. Fl. 3, New York, NY 10001, and with a common business purpose of operating “brick-and-mortar” stores to sell wine and spirits.

## STATEMENT OF FACTS

16. During all times relevant, the Federal Minimum Wage Rate was $7.25.

17. In the year of 2020, the applicable New York State Minimum Wage Rate was $15.00.

18. In the year of 2021, the applicable New York State Minimum Wage Rate was $15.00.

19. In the year of 2022, the applicable New York State Minimum Wage Rate was $15.00.

20. In the year of 2023, the applicable New York State Minimum Wage Rate was $15.00.

21. In the year of 2024, the applicable New York State Minimum Wage Rate was $16.00.

22. In the year of 2025, the applicable New York State Minimum Wage Rate was $16.50.

23. In the year of 2025, the applicable New York State Minimum Wage Rate was $17.00.

24. In the year of 2026, the applicable New York State Minimum Wage Rate was $17.00.

25. Plaintiff was employed by Defendants from in or about February of 2018 to March 19, 2026 as an assistant manager.

26. Plaintiff's duties and responsibilities included managing the day-to-day operations of wine and spirits locations owned by Defendants.

27. Defendants' compensation of Plaintiff was irregular, fluctuated without reason, and on occasion Defendants did not compensate Plaintiff at all.

28. Upon Plaintiff's recall and recollection, Defendants' compensation of Plaintiff was inconsistent in terms of amount, frequency, and method of payment.

29. Upon Plaintiff's recall and recollection, Defendants, on average, when payment was made, provided Plaintiff with approximately $500.00 per week in cash; approximately $600.00 per week in check; then each month approximately an additional $900.00 in check.

30. Upon recall and recollection, from in or about February of 2018 to in or about January of 2024, Plaintiff worked a schedule of Monday through Saturday from 1:00PM to 12:00AM (midnight) with a thirty (30) minute lunch break; or sixty-three (63) hours.

31. Upon recall and recollection, from in or about January of 2024 to on or about March 19, 2026, Plaintiff worked a schedule of Monday through Friday from 1:00PM to 12:00AM (midnight) with a thirty (30) minute lunch break; or fifty-two and one-half (52.5) hours.

32. Plaintiff was not properly compensated wages at the minimum wage rate for all hours worked.

33. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

34. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

36. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

37. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

38. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the minimum wage rate for all hours worked and overtime wage for all hours worked over forty (40) hours in a workweek.

39. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

40. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

**COUNT 1**
**[Violation of the Fair Labor Standards Act]**

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

45. Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

46. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

47. At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendants knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

49. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

50. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

51. At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

52. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendants knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

53. Defendants have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

54. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

57. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

58. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT 2**
**[Violation of the New York Labor Laws]**

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the preceding paragraphs of this Complaint as if fully set forth herein.

60. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

61. Defendants, pursuant to policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiff for all hours worked.

62. By failing to compensate Plaintiff a wage at the minimum wage rate for all hours worked, Defendants violated Plaintiff's statutory rights under the NYLL.

63. Defendants, pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

64. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendants violated Plaintiff's statutory rights under the NYLL.

65. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

66. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the minimum wage rate for all hours worked and payment for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

67. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

68. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

**COUNT 3**
**[Failure to provide a Wage Notice]**

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the preceding paragraphs of this Complaint as if fully set forth herein.

70. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

71. Defendants have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

72. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

73. Defendants' failure to supply Plaintiff with an accurate wage notice caused Plaintiff to suffer from the underpayment of wages for a longer period of time than if he had received proper notice.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

**COUNT 4**
**[Failure to provide Wage Statements]**

75. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the preceding paragraphs of this Complaint as if fully set forth herein.

76. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

77. Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

78. Defendants' failure to provide the Plaintiff with a precise wage statement as required by the NYLL caused Plaintiff to suffer from the underpayment of wages for a longer period of time than if he had received proper notice.

79. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate due under the FLSA;

(b) An award of unpaid wages at the overtime wage rate due under the FLSA;

(c) An award of liquidated damages as a result of Defendants' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d) An award of unpaid wages at the minimum wage rate under the NYLL;

(e) An award of unpaid wages at the overtime wage rate under the NYLL;

(f) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the minimum wage rate, failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 27, 2026

Respectfully submitted

By: Brendan Tighe
Brendan Tighe, Esq.